**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**April 8, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60542
Summary Calendar

———————————

ROOZBEH SHARIATZADEH

                    Petitioner

      v.

JOHN ASHCROFT, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-908-785
--------------------

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Roozbeh Shariatzadeh challenges a final order of removal
issued by the Board of Immigration Appeals (the Board) on June 7,
2002.  The Board summarily affirmed the IJ's decision pursuant to
8 C.F.R. § 3.1(a)(7).[**]

    Shariatzadeh argues that the Board failed to review the IJ's
decision, thereby removing itself from a meaningful role in the
appeals process.  The Board's summary affirmance pursuant to

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] This provision has been renumbered.  It is now 8 C.F.R.
§ 1003.1(a)(7).  See 68 Fed. Reg. 9831 (Feb. 28, 2003).

8 C.F.R. § 3.1(a)(7) did not constitute a failure to review.  The "streamlining" regulation, 8 C.F.R. § 3.1(a)(7), authorizes a single Board member to affirm, without opinion, the results of an immigration judge's decision.  8 C.F.R. § 3.1(a)(7)(ii).  The regulation designates the decision of the IJ, and not the Board's summary affirmance, as the proper subject of judicial review.  See 64 Fed. Reg. 56,137 ("[t]he decision rendered below will be the final agency decision for judicial review purposes"); 64 Fed. Reg. 56,138.

Shariatzadeh argues that the IJ erred in ignoring the testimony of his sister and in relying on alleged inconsistencies in his testimony and in his prior application for labor certification to make a negative credibility finding.  He concedes, however, that the credibility issue did not affect the IJ's conclusion that he was statutorily ineligible for asylum because of "firm resettlement" in the Netherlands.  See 8 C.F.R. § 208.13(c)(1)(2000); INA § 208(b)(2)(A)(vi), 8 U.S.C. § 1158(b)(2)(A)(vi).  He argues that his three and one-half years in the Netherlands was not long enough to establish economic and social ties and that he had no intent to settle permanently in the Netherlands.  This argument is unavailing.  Shariatzadeh does not argue that he falls within one of the two exceptions to firm resettlement.  See 8 C.F.R. § 208.15(a), (b).  As substantial evidence supports the IJ's decision that he was firmly resettled,

he cannot prevail.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

The IJ's negative credibility determination had no effect on the finding of firm resettlement.  As such, the negative credibility finding is of no import in this appeal.  Shariatzadeh's claim that the IJ ignored his sister's testimony is untrue; the IJ referenced his sister's testimony several times in his written decision.

Shariatzadeh argues that the IJ's negative credibility findings resulted in the erroneous denial of his application for voluntary departure.  Review of this issue is statutorily precluded.  8 U.S.C. § 1229c(f).  Accordingly, his petition for review is DENIED.

PETITION FOR REVIEW DENIED.